MERRIWETHER vs. EAMES.

1. Where a father without explanation sends a slave to the house of a
daughter, who has been long married, and permits it to remain there
until his death, the law will presume that a gift was intended; but in
such case the presumption is not so strong as in one of a recent mar-
riage, and less proof will be required to remove it.

Error to the Circuit Court of Greene. Tried before the
Hon. John D. Phelan.

THIS was an action of detinue for a slave, instituted by the
plaintiff against the defendant in error. The plaintiff claimed
the slave in controversy under a deed of gift from his father,
who was the son-in-law of Zachary Merriwether, deceased, and
whose claim of title vested in an alleged parol gift by the said
Zachary to his daughter. The defendant, as the husband of
the widow, claimed under a bequest to her in the last will and
testament of said Zachary Merriwether. The facts on which
the plaintiff relied as establishing the gift from the said Zach-
ary to his son-in-law are stated in the opinion of the court.
The court charged the jury, that if the daughter and son-in-law
were recently married, and a slave was sent home with them,
the presumption would be that it was a gift, "but that this pre-
sumption would not be raised when a slave is sent to a couple
that have been long married." To this charge the plaintiff
excepted and now assigns it as error.

HALE & MURPHY, for plaintiff:—When a father sends home
to the house of his son-in-law a slave without making any limi-
tation or reservation as to the title he intends to confer, and

permits the slave to be held and controled by the son-in-law as his own property without making any claim or demand of him for four or five years, in a suit brought after the lapse of ten years, with a continued possession all this time in the son-in-law, the presumption is that it was a gift and the length of time elapsing after the marriage before the sending of the slave, does not change the rule.—Nichols v. Edwards et al. 16 Pick. 62; Hill & Dick v. Duke, 6 Ala. 259; Carter's Ex'r v. Rutland, 1 Hayw. 97; Klllingsworth v. Zallicoffer, 2 ib. 72; Robinson's Adm'rs v. Devone, 2 ib. 154; Hooe v. Harrison, 11 Ala. 499.

J. B. CLARKE, for defendant:

1. The sending of property by the father of the lady on or soon after the marriage to the house of the husband, may well be considered in consideration of the marriage, and as a part of the portion of her father's estate.

2. The facts of this case, including the unrelinquished will, prevent any presumption of a gift from arising.—Miller v. Eastman, 11 Ala. 609-13-14.

3. But suppose that the sending a slave to a daughter and son-in-law at any distance of time from the marriage, unaccompanied by any declaration, would raise a presumption of a gift, would that presumption be one of law or one of fact? The law will not presume a gift.—C. & H. notes, 296. Gift or no gift in this case depends upon *intention*, and therefore a question of fact, not of law.—Olds v. Powell, 7 Ala. 655.

4. If the question is one of fact, not of law, the court did not err in refusing to charge that in law a gift would be presumed, because unaccompanied by a declaration that a loan was intended, for by so doing the court would have decided upon the question of fact—the intention to give.—Keene & West v. Macey, 4 Bibb, 35; S. C. 1 Pirtle's Dig. 482, § 4.

5. If then the court was right in refusing to charge as asked, it follows that there was no error in the charge as given that the plaintiff can have a reversal upon, as it was to some extent an admission of the correctness of the charge asked—not a distinct charge unconnected therewith, but had reference thereto.

6. The presumption of gift which might arise from length of

possession, was not raised in the court below nor reserved for the consideration of this court; nor was the question of adverse possession.

PARSONS, J.—It appears by the bill of exceptions that Zachary Merriwether, the father of the wife of John H. Merriwether, under the latter of whom the plaintiff in error, whose name also is John H. Merriwether, claims the slave in controversy, early in the year 1835 sent the slave with her clothes and bedding in his wagon to the house of John H., his daughter's husband, without any expression of his intentions at any time; that the slave remained there until some considerable time after the death of Zachary Merriwether, which occurred in January 1836, during which time the husband continued in possession and control of the slave as his own; but it appears that Zachary Merriwether's daughter had been married about twenty years to John H. Merriwether, her husband, at the time the slave was sent.

The question which we have first to consider is this—Will the law upon these facts presume a gift? There was a good and usual consideration for a gift—his natural love and affection for his daughter. There was also an act on his part, the act of sending the slave to his daughter's house and of permitting her to remain there as long as he lived, which clearly indicated an intention to give his daughter some benefit in the slave. The law would certainly presume to this extent. Hence the true question is, Will it presume a gift or some less benefit? For the sake of certainty if for nothing else, we think a gift should be presumed; for if we should hold that a smaller interest should be infered, then the extent of that interest is entirely uncertain. There was an act and a motive or inducement for it which were evidence of an intention to give, and if they amount to *prima facie* evidence of that intention then the legal presumption of a gift is clear. In the absence of any explanation, it is but reasonable to presume that all persons intend the most that can fairly be infered from their deliberate acts. If the act may indicate more than was intended, they have the power to give the necessary explanations. If these be omitted, the omission must be presumed to be intentional. There could be no controversy upon this question if this negro had

been sent soon after the daughter's marriage. In that case all the authorities show that a gift would be presumed, unless the wife's father could show that such was not his intention. But we think the law will presume an intention to make a gift from such acts, whether the daughter has been married for a long time or but recently; though the presumption may not be so strong in the former case as in the latter, and less would remove it. The presumption of a gift is stronger if the daughter has been lately married, because that is the usual and appropriate time to make an advancement for a daughter. Yet it is very natural and perhaps usual for a father to assist his daughter by a gift of what she needs long after her marriage, when her necessities or his fortune may have increased.

There was some criticism at the bar upon the bill of exceptions; and indeed the charge requested and refused appears not to be appropriate to the whole case. But the charge that was given must have misled the jury in respect of the legal effect of the facts which we have considered, and for this the judgment must be reversed and the cause remanded.

The charge that was given did not extend to the other facts stated in the bill of exceptions, and for that reason we have not adverted to them.